IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

SUZANNE C. DIXON and JERRY CARROLL,

    Plaintiffs,

vs.

WHATLEY OIL & AUTO PARTS CO. and CHEVRON USA, INC.,

    Defendants.

CASE NO. 4:18-CV-141 (CDL)

O R D E R

This is a premises liability personal injury case. Pro se Plaintiffs Suzanne C. Dixon and Jerry Carroll allege that Defendants Chevron USA, Inc. and Whatley Oil & Auto Parts Co. operate a Zelmo's Zip-In self-serve gasoline station in Phenix City, Alabama. Plaintiffs assert that Dixon slipped and fell at the gas station and was injured. Plaintiffs filed this action in the State Court of Muscogee County. Chevron removed the action to this Court, and Whatley consented to the removal. Plaintiffs filed a motion to remand (ECF No. 11). The motion is denied at this time.

FACTUAL ALLEGATIONS

Plaintiffs are Alabama citizens. Compl. ¶ 1, ECF No. 1-1. Whatley is a Georgia corporation with its principal place of business in Georgia, and it operates the gas station in Phenix

City, Alabama where Dixon fell.  *Id.* ¶ 2.  Chevron is a Pennsylvania corporation with its principal place of business in California.  *Id.* ¶ 2.

Dixon is ninety years old.  Compl. ¶ 1.  She went to the Zelmo's gas station in Phenix City to fill up her car.  There was no sign stating that disabled individuals could receive assistance upon request, so Dixon pumped her own gas.  *Id.* ¶ 8.  There was no paper in the pump's receipt printer, so Dixon walked to the Zelmo's store to get her receipt.  *Id.*  She slipped and fell when she tried to enter the store.  *Id.* ¶¶ 6, 8.  She "suffered trauma and hematoma requiring at least four staples to close the head injury."  *Id.* ¶ 7.  Dixon "has lost control of a number of bodily functions consistent with the area of the brain affected," and her health has declined consistent with the degenerative brain disease CTE (chronic traumatic encephalopathy).  *Id.*

Plaintiffs assert state law tort claims based in part on Defendants' alleged failure comply with safety requirements mandated by Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 to 12189, which prohibits disability discrimination by owners and operators of places of public accommodation.  Plaintiffs allege that ADA safety rules required Defendants to post a sign stating that disability assistance was available upon request.  Plaintiffs assert that if Defendants

had posted the required sign and provided Dixon with assistance pumping her gas, Dixon would not have fallen. *Id.* ¶ 8. Plaintiffs further assert that if Defendants had exercised reasonable care in maintaining the premises, Dixon would not have fallen. *Id.*

Plaintiffs do not seek a specific amount of damages, but Plaintiffs allege that Dixon incurred and will continue to incur medical bills, that she experienced and continues to experience pain and suffering and mental anguish, and that she suffered injuries that render her unable to attend to her normal affairs. *Id.* ¶ 14. Plaintiffs also assert that the home where Dixon resides needs disability modifications to accommodate her. *Id.* at 16-17 ¶ F. And Plaintiffs allege that Carroll lost wages as a result of Dixon's injuries. The Complaint does not appear to include any claims for injunctive relief under the ADA.

DISCUSSION

A defendant may remove a state court action to federal court if the action could have been filed originally in federal court. *See* 28 U.S.C. § 1441(a). The removing defendant has the burden to prove jurisdiction. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Defendants contend that this action could have been filed originally in this Court based on federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. Plaintiffs moved

3

to remand this action, arguing that there is no federal question and that there is not complete diversity among the parties.

**I. Does Federal Question Jurisdiction Exist?**

Defendants argue that because Plaintiffs invoked Title III of the ADA, their claims "arise under" that statute and that federal question jurisdiction thus exists. Based on the Court's review of Plaintiffs' Complaint, however, Plaintiffs are attempting to assert state law tort claims based in part on an alleged breach of a duty created by Title III of the ADA. Plaintiffs do not appear to assert a claim for damages *under* Title III of the ADA. Nor could they. Under the enforcement provisions of Title III of the ADA, a person with a disability may bring a civil action for injunctive relief, *see* 42 U.S.C. § 12188(a)(1), but monetary damages are only available in enforcement actions brought by the Attorney General, *see* 42 U.S.C. § 12188(b)(2)(B). Since Plaintiffs cannot assert a claim for money damages under Title III of the ADA, their claim for damages does not "arise under" the ADA. Plaintiffs did not bring any claims for injunctive relief. Thus, they did not bring an action *arising under* Title III of the ADA.

Defendants did not argue that federal question jurisdiction exists under the narrow substantial federal question doctrine. The Court declines to analyze this issue *sua sponte*. Based on

the present record, Defendants have not demonstrated that federal question jurisdiction exists.

## II. Does Diversity Jurisdiction Exist?

Defendants argue that even if federal question jurisdiction does not exist, diversity jurisdiction does. This Court has original jurisdiction over a civil action if it is between citizens of different States and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). Here, Plaintiffs are citizens of Alabama. Neither Defendant is an Alabama citizen. A corporation is "a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Whatley is a Georgia corporation with its principal place of business in Georgia. Chevron is a Pennsylvania corporation with its principal place of business in California. Thus, there is complete diversity among the parties.

Turning to the amount in controversy requirement, "[i]f the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Williams*, 269 F.3d at 1319. "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient

5

to meet the defendant's burden." *Id.* at 1319-20. In *Williams*, for example, the Eleventh Circuit concluded that the removing defendant had not met its burden of establishing that the amount in controversy exceeded $75,000 in a slip and fall case where the plaintiff did not make any specific allegations regarding the amount of her damages but did allege that she suffered permanent physical and mental injuries, incurred substantial medical expenses, suffered lost wages, and experienced a diminished earning capacity. I*d.* at 1320.

Here, as in *Williams*, it is not facially apparent from Plaintiffs' Complaint that the amount in controversy exceeds $75,000; there is no allegation regarding the amount of Dixon's medical expenses or the amount of lost wages. Chevron's notice of removal asserts that the amount in controversy exceeds $75,000 based on the allegations regarding the type of injury Dixon suffered. This conclusory statement is not enough to satisfy Chevron's burden of establishing jurisdiction. "Where the pleadings are inadequate, [the Court] may review the record to find evidence that diversity jurisdiction exists." *Id.* Neither Plaintiffs nor Chevron submitted any evidence relevant to the issue, and the present record does not establish that the amount in controversy more likely than not exceeds $75,000.

It is also not clear that the jurisdictional requirement is *not* satisfied. "Although the present record is inconclusive,

6

the value of [Plaintiffs'] claims could conceivably amount to more than $75,000." *Id.* Plaintiffs do not seriously challenge Defendants' assertion that the amount in controversy exceeds $75,000, but they do not admit that the amount in controversy exceeds $75,000, either. In situations like this, the Eleventh Circuit has concluded that the district court should permit the parties to develop the record on the amount in controversy at the time of removal, then make findings of fact based on that record. *Id.* at 1321. The Court will follow this approach.

CONCLUSION

As discussed above, Defendants did not meet their burden of establishing that federal jurisdiction exists. But, because there is complete diversity of citizenship among the parties and because Plaintiffs' claims could conceivably amount to more than $75,000, Plaintiffs' motion to remand (ECF No. 11) is denied at this time. The parties are instructed that their joint proposed scheduling order, which is due on October 4, 2018, should include a plan for expeditiously developing the record on the amount in controversy and presenting the issue to the Court so that the Court may determine whether jurisdiction exists.

IT IS SO ORDERED, this 7th day of September, 2018.

> s/Clay D. Land
> ---
> CLAY D. LAND
> CHIEF U.S. DISTRICT COURT JUDGE
> MIDDLE DISTRICT OF GEORGIA