IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| SUZANNE C. DIXON and JERRY CARROLL, | * |
| Plaintiffs, | * |
| vs. | * CASE NO. 4:18-CV-141 (CDL) |
| WHATLEY OIL AND AUTO PARTS COMPANY and CHEVRON USA, INC., | * |
| Defendants. | * |

O R D E R

Pro se Plaintiffs Suzanne C. Dixon and Jerry Carroll filed this slip and fall action in the State Court of Muscogee County. When Plaintiffs served the Complaint on Defendants Whatley Oil and Auto Parts Company and Chevron USA, Inc., they also propounded requests for admission under Georgia law. Defendants removed the action to this Court and did not respond to the discovery that Plaintiffs propounded before removal. After removal but before the Court issued its Rules 16/26 Order directing the parties to confer on a proposed scheduling and discovery plan, Plaintiffs filed a summary judgment motion, arguing that their requests for admissions are deemed admitted under Federal Rule of Civil Procedure 36. That motion (ECF No. 8) is denied.

The Federal Rules of Civil Procedure apply to a civil action after it is removed from a state court. Fed. R. Civ. P. 81(c)(1). Under Federal Rules, a party generally "may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d)(1). Pro se plaintiffs are not excused from following the Federal Rules of Civil Procedure. Here, the parties did not have their first Rule 26(f) conference until September 12, 2018. Even if Plaintiffs' requests for admission otherwise complied with Federal Rule of Civil Procedure 36, which governs requests for admission in federal court, the requests could not have been validly served on Defendants under the Federal Rules until September 12, 2018. Any response to requests propounded at the Rule 26(f) conference would not be due under Rule 36(a)(3) until October 12, 2018. Thus, Defendants have not admitted any matters under Rule 36(a)(3), and Plaintiffs are not entitled to summary judgment on this ground.

Plaintiffs also appear to argue that they have submitted enough evidence to establish that there is no genuine dispute as to any material fact and they are entitled to judgment as a matter of law under Federal Rule of Civil Procedure 56. But Plaintiffs did not comply with the Court's Local Rule 56, which requires a summary judgment movant to "attach to the motion a separate and concise statement of the material facts to which

2

the movant contends there is no genuine dispute to be tried." M.D. Ga. R. 56. "Each material fact shall be *numbered separately* and *shall be supported by specific citation to particular parts of materials in the record*." Id. (emphasis added). "Material facts not supported by specific citation to particular parts of materials in the record and statements in the form of issues or legal conclusions (rather than material facts) *will not be considered by the court*." Id. (emphasis added). Although Plaintiffs submitted several exhibits in support of their summary judgment motion, they did not otherwise comply with Local Rule 56. Furthermore, Plaintiffs did not respond to Defendants' argument that Plaintiffs' exhibits cannot be considered because they have not been authenticated as required by Federal Rule of Evidence 901. For these reasons, the present record does not support summary judgment in favor of Plaintiffs.

IT IS SO ORDERED, this 4th day of October, 2018.

s/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA