IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| SUZANNE C. DIXON and JERRY CARROLL, <br><br> Plaintiffs, <br><br> vs. <br><br> WHATLEY OIL & AUTO PARTS CO. and CHEVRON USA, INC., <br><br> Defendants. | CASE NO. 4:18-CV-141 (CDL) |

O R D E R

This is a premises liability personal injury case. Suzanne C. Dixon and Jerry Carroll, who are proceeding pro se, allege that Chevron USA, Inc. and Whatley Oil & Auto Parts Co. operate a Zelmo's Zip-In self-serve gasoline station in Phenix City, Alabama. Plaintiffs assert that Dixon slipped and fell at the gas station and was injured. Plaintiffs filed this action in the State Court of Muscogee County. Chevron removed the action to this Court, and Whatley consented to the removal. Plaintiffs previously filed a motion to remand, which the Court denied because although it was not clear that the amount in controversy requirement was met, it was also not clear that the jurisdictional requirement was not satisfied. *Dixon v. Whatley Oil & Auto Parts Co.*, No. 4:18-CV-141 (CDL), 2018 WL 4275924, at *3 (M.D. Ga. Sept. 7, 2018). The Court permitted the parties to

develop the record on the amount in controversy, and Plaintiffs filed a renewed motion to remand, arguing that the amount in controversy is only $72,284.00 "at this point" and that Plaintiffs' injuries "merit an award of at least $72,284.00."[1] Pl.'s Renewed Mot. to Remand 3, ECF No. 41. For the reasons set forth below, the Court is satisfied that the amount in controversy exceeds $75,000.00. Plaintiffs' renewed motion to remand (ECF No. 41) is denied.

FACTUAL ALLEGATIONS

Plaintiffs are Alabama citizens. Compl. ¶ 1, ECF No. 1-1. Whatley is a Georgia corporation with its principal place of business in Georgia, and it operates the gas station in Phenix City, Alabama where Dixon fell. *Id.* ¶ 2. Chevron is a Pennsylvania corporation with its principal place of business in California. *Id.* ¶ 2.

Dixon is an elderly lady who went to the Zelmo's gas station in Phenix City to fill up her car. She slipped and fell when she tried to enter the store to get her receipt. *Id.* ¶¶ 6, 8. She "suffered trauma and hematoma requiring at least four staples to close the head injury." *Id.* ¶ 7. Dixon "has lost control of a number of bodily functions consistent with the area

---

[1] In their reply brief, Plaintiffs assert that they have reduced the amount to $69,875.79, although it is not clear how the cited evidence supports this assertion. In any event, the courts generally do not consider arguments raised for the first time in a reply brief. And, the Court must determine the amount in controversy at the time of removal, not based on events occurring after removal.

2

of the brain affected," and her health has declined consistent with the degenerative brain disease CTE (chronic traumatic encephalopathy). *Id.* Plaintiffs assert that if Defendants had exercised reasonable care in maintaining the premises, Dixon would not have fallen and suffered significant injuries. *Id.*

Plaintiffs did not seek a specific amount of damages in their Complaint, although they alleged that Dixon incurred and will continue to incur medical bills, that she experienced and continues to experience pain and suffering and mental anguish, and that she suffered injuries that render her unable to attend to her normal affairs. *Id.* ¶ 14. Plaintiffs also asserted that the home where Dixon resides needs disability modifications to accommodate her. *Id.* at 16-17 ¶ F. And, Plaintiffs allege that both Dixon and Carroll lost wages as a result of Dixon's injuries and that they are entitled to punitive damages.

After the Court denied Plaintiffs' initial motion to remand, Plaintiffs asserted that the total amount needed to reimburse Dixon's medical providers and purchase equipment to accommodate Dixon's disabilities caused by her fall was $73,998.97. Pl.'s Reply Br. in Supp. of Pl.'s Mot. for Summ. J. 9-10, ECF No. 31. In their renewed motion to remand, Plaintiffs reduced that amount to $72,284.00 because the cost of one of the necessary accommodations decreased. Pl.'s Renewed Mot. to Remand 1, ECF No. 41.

3

DISCUSSION

A defendant may remove a state court action to federal court if the action could have been filed originally in federal court. *See* 28 U.S.C. § 1441(a). The removing defendant has the burden to prove jurisdiction. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Defendants contend that this action could have been filed originally in this Court based on diversity jurisdiction under 28 U.S.C. § 1332.

This Court has original jurisdiction over a civil action if it is between citizens of different States and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). Here, Plaintiffs are citizens of Alabama. Neither Defendant is an Alabama citizen. A corporation is "a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Chevron is a Pennsylvania corporation with its principal place of business in California. Whatley is a Georgia corporation with its principal place of business in Georgia. Plaintiffs appear to believe that Whatley should be considered an Alabama citizen because it owns a gas station in Alabama, but simply operating a store in Alabama does not make Whatley an Alabama citizen. There is complete diversity among the parties.

4

In determining whether the amount in controversy exceeds $75,000.00, the Court may make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings and other evidence to determine whether the amount in controversy is met. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). The Court "need not 'suspend reality or shelve common sense in determining whether'" the amount in controversy is met. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010) (quoting *Pretka*, 608 F.3d at 770). Here, Plaintiffs seek more than $72,000.00 in out-of-pocket expenses for medical bills and disability accommodations that they claim were incurred because of Dixon's fall at the Zelmo's Zip-In. This amount does not include other items of damage that Plaintiffs claimed in their Complaint, including future medical expenses, pain and suffering and mental anguish, lost wages, and punitive damages. Given that Plaintiffs assert that they incurred more than $72,000.00 in out-of-pocket expenses and that they claim Dixon suffered a serious head injury, is permanently disfigured, and is now unable to attend to her normal affairs, it is certainly reasonable to conclude that the total amount in controversy exceeds $75,000.00. Thus, the Court is satisfied that the amount in controversy requirement is met in this case.

CONCLUSION

For the reasons set forth above, the Court is satisfied that Defendants met their burden of establishing that federal jurisdiction exists. Accordingly, Plaintiffs' renewed motion to remand (ECF No. 41) is denied.

IT IS SO ORDERED, this 11th day of January, 2019.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA